IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **ALEX GARCIA,** | CASE NO. 3:23 CV 2283 |
| Plaintiff, | |
| v. | JUDGE JAMES R. KNEPP II |
| **WARDEN KIMBERLY HENDERSON, et al.,** | |
| | **MEMORANDUM OPINION** |
| Defendants. | **AND ORDER** |

### INTRODUCTION

*Pro se* plaintiff Alex Garcia, an Ohio prisoner currently incarcerated at Toledo Correctional Institution, filed this action against Warden Kimberly Henderson and Corrections Officer Joshua Solis, claiming "personal injury." (Doc. 1-1). Plaintiff has also filed an application to proceed *in forma pauperis* (Doc. 2), which the Court grants by separate order. For the reasons stated below, the Court dismisses the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

### BACKGROUND

Plaintiff contends that on July 27, 2023, Officer Solis improperly escorted him from the nurse's office to his cell. He asserts Officer Solis "should have had his hand on my arm properly escorting me so I don't fall." (Doc. 1, at 3). Plaintiff states that he slipped walking up the stairs leading to his cell and fell down a flight of steel steps, hitting his face, leg, and knees. *Id.* Plaintiff sustained numerous injuries from the fall, including leg pain, bleeding, bruising, loss of consciousness, dizziness, and blurred vision. *Id.* at 4. Plaintiff states the officers assisted him to

his cell where the nurse examined him. *Id.* Plaintiff indicates he followed the internal complaint procedure (informal complaint, notice of grievance, grievance to the Chief Inspector), *id.* at 2, and the Chief Inspector ruled in Plaintiff's favor, finding that Officer Solis improperly escorted Plaintiff to his cell, *id.* at 3.

Plaintiff seeks $10,000 in compensatory damages. *Id.* at 5.

## STANDARD OF REVIEW

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The district court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but he must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal

2

conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### Discussion

As an initial matter, Plaintiff has not established a basis for this Court's subject matter jurisdiction. Federal courts are courts of limited jurisdiction and, unlike state trial courts, do not have general jurisdiction to review all questions of law. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Rather, they have only the authority to decide cases that the Constitution and Congress have empowered them to resolve. *Id.* Consequently, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citation omitted).

Generally, the Constitution and Congress provide federal courts authority to hear a case only when diversity of citizenship exists between the parties or the case raises a federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Diversity of citizenship is applicable to cases where the matter in controversy exceeds $75,000 and is between "citizens of different States." 28 U.S.C. § 1332(a)(1). To establish diversity of citizenship, the plaintiff must demonstrate that he is a citizen of one state and all of the defendants are citizens of other states. The citizenship of a natural person equates to his domicile. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990). Federal question jurisdiction arises when "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief

3

necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983); 28 U.S.C. § 1331.

Diversity of citizenship does not exist in this case. Plaintiff is incarcerated in the Toledo Correctional Institution in Toledo, Ohio. He does not list any other address for himself. The defendants are employed by the Ohio institution, and Plaintiff provides no other address for them. A plaintiff in federal court has the burden of pleading sufficient facts to support the existence of the Court's jurisdiction. Fed. R. Civ. P. 8. In a diversity action, the plaintiff must state the citizenship of all parties so that the existence of complete diversity can be confirmed. *Washington v. Sulzer Orthopedics, Inc.*, 2003 WL 22146143, at *1 (6th Cir.). The complaint, as written, suggests Plaintiff and the defendants are citizens of Ohio. Moreover, Plaintiff requests damages of $10,000. He therefore cannot meet the jurisdictional amount. Consequently, federal subject matter jurisdiction cannot be based on diversity of citizenship.

If federal jurisdiction exists in this case, it must be based on an alleged violation of federal law. Here, Plaintiff's only stated claim is personal injury. This claim is a state tort law claim and does not provide a basis for federal question jurisdiction.

To the extent Plaintiff's claim can be construed as alleging a constitutional claim under 42 U.S.C. § 1983, the complaint must still be dismissed. Under Section 1983, a plaintiff may hold state actors liable for violations of constitutional and federal law. *See West v. Atkins*, 487 U.S. 42, 48 (1988) (to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him of his rights, privileges, or immunities secured by the Constitution or the laws of the United States). Here, Plaintiff identifies his claim as a tort of "personal injury." *See* Doc. 1-1. Personal injury torts are state law claims that are not cognizable under Section 1983. *See Robledo v. Ohio*, 2020 U.S. Dist. LEXIS 73431, at *5 (N.D. Ohio); *see*

*also Zeune v. Mohr*, 2015 WL 6468541, at *6 (S.D. Ohio) (explaining that a state law tort claim is not, on its own, "a cognizable constitutional claim remediable pursuant to 42 U.S.C. § 1983") (citing *Voyticky v. Vill. of Timberlake*, 412 F.3d 669, 678 (6th Cir. 2005), *report and recommendation adopted*, 2015 WL 7454672.

Plaintiff therefore fails to state a plausible Section 1983 claim, and this action is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B) for this additional reason.

### CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that this action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B); and it is

FURTHER CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE